UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No.   5:03-CR-249-1-BR
      5:05-CV-734-BR

THOMAS ANDREW MILLS            )
                               )
                               )
           v.                  )       O R D E R
                               )
UNITED STATES OF AMERICA       )

This matter is before the court on the government's motion for summary judgment. Petitioner filed a response in opposition to the motion. The government did not file a reply, and the time within which to do so has expired. This matter is ripe for disposition.

On 10 May 2004, after a jury found petitioner guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), this court sentenced petitioner to 180 months imprisonment and a term of supervised release. Petitioner appealed the conviction, which the Fourth Circuit affirmed. On 7 June 2005, the Fourth Circuit denied his petition for rehearing and rehearing en banc as untimely filed. On 3 October 2005, the Supreme Court denied a petition for certiorari.

Petitioner timely filed the instant § 2255 petition on 28 November 2005 along with a supporting memorandum and exhibits. On 11 December 2006, the court allowed in part the government's motion to dismiss. The court dismissed petitioner's claims related to his sentencing as an armed career criminal and under U.S.S.G. § 4A1.2. Petitioner's remaining claims concern the alleged ineffectiveness of counsel and his competency to waive his right to testify at trial.

Summary judgment is appropriate in those cases in which there is no genuine dispute as to a material fact, and in which it appears that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Haavistola v. Community Fire Co. of Rising Sun, Inc., 6 F.3d 211, 214 (4th Cir. 1993). Summary judgment should be granted in those cases "in which it is perfectly clear that no genuine issue of material fact remains unresolved and inquiry into the facts is unnecessary to clarify the application of the law." Haavistola, 6 F.3d at 214. In making this determination, the court draws all permissible inferences from the underlying facts in the light most favorable to the party opposing the motion. Id. "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Teamsters Joint Council No. 83 v. Centra, Inc., 947 F.2d 115, 119 (4th Cir. 1991).

As for petitioner's claims based on ineffectiveness of counsel,

> petitioner must satisfy the familiar requirements of Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The petitioner must initially prove that his counsel's performance was objectively unreasonable. In undertaking this inquiry, "[j]udicial scrutiny of counsel's performance must be highly deferential."
> Because it may be tempting to find an unsuccessful trial strategy to be unreasonable, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."
> The petitioner must also demonstrate that prejudice resulted from counsel's errors. To establish prejudice, he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."

Campbell v. Polk, 447 F.3d 270, 279 (4th Cir. 2006) (citations omitted).

Petitioner claims trial counsel was ineffective because counsel failed to (1) present a meritorious defense; (2) call key defense witnesses; (3) withdraw from representation when a conflict of interest arose; (4) allow petitioner to testify on his own behalf; and, (5) obtain a competency evaluation of petitioner and bring the issue of his competency to the court's attention at the time of sentencing. (Pet. at 5-a; 11/28/05 Mem. at 5-6.) He claims appellate counsel was ineffective because counsel refused to brief meritorious issues on appeal and failed to timely inform petitioner of the "denial" of his appeal. (Pet. at 5-b.) Finally, petitioner contends he was not competent to knowingly and intelligently waive his right to testify on his own behalf. (Pet. at 5-c.) The court will address each claim.

Petitioner contends counsel should have presented a defense based on petitioner's physical and mental illnesses. Due to diminished capacity, petitioner argues, he believed he was signing pawn shop tickets related to the sale of jewelry, rather than to the sale of the guns at issue, or in other words he did not knowingly sell a gun to a pawn-broker. (11/28/05 Mem. at 5-6; see also 6/14/07 Resp. at 5-6.) According to trial counsel, he visited petitioner prior to trial and discussed with petitioner his "story"– that he could not possess a firearm and that his wife took the guns into the pawn shop. (Ross Aff. at 2.) Counsel sent investigators to speak with the pawn shop owner, who conducted the gun transaction, and with petitioner's wife. (Id.) Petitioner's wife stated petitioner was weak from a medical condition, and she carried the guns into the pawn shop and placed them on the counter. (Id.) From the information obtained from petitioner's wife and the pawn shop owner, counsel mounted a defense based on petitioner's lack

3

of physical contact with or access to the firearms.[1] (Id.) Counsel's decision not to pursue a defense based on diminished capacity was a strategical one, based on a reasonable investigation. As such, the court does not find counsel's representation deficient in this regard.

Petitioner next claims counsel failed to call key witnesses. The only potential "witness" to which petitioner refers is an individual named David who was outside the pawn shop and supposedly offered petitioner's wife $100 to sell the guns for him. (11/28/05 Mem. at 5-6.) Again, counsel conducted a reasonable investigation and will not be faulted for failing to locate this witness. To the extent petitioner claims his wife was another defense witness who should have been called, counsel had no reason to call her as she was going to invoke various privileges and not testify.

Turning to petitioner's claim that trial counsel, an Assistant Federal Public Defender, should have withdrawn his representation of petitioner based on a conflict of interest when the court appointed counsel for a potential defense witness, petitioner's wife. (Pet. at 5-a; 11/28/05 Mem. at 6.) Because an issue arose as to whether the wife might need to invoke her privilege against self-incrimination and the marital privilege, the court appointed Rosemary Godwin to represent the witness for purposes of this proceeding. (Tr. at 108-10, 113-14, 115.) Godwin is not affiliated with the Office of the Federal Public Defender. Therefore, a conflict of interest did not arise, and trial counsel was not required to withdraw.

Petitioner claims counsel was also deficient for refusing to allow petitioner to testify on his behalf. There is no doubt that "a defendant in a criminal trial has a constitutional right to

---

[1] Counsel pursued this defense through cross-examination of the pawn shop owner and the investigating law enforcement agents. (Tr. at 74, 78-79, 82, 101, 107.) Counsel could not advance this defense through petitioner's wife; her attorney indicated she would invoke her privilege against self-incrimination and the marital privilege, (id. at 115), and therefore, the wife was not called as a witness.

testify on his own behalf." United States v. McMeans, 927 F.2d 162, 163 (4th Cir. 1991) (citing Rock v. Arkansas, 483 U.S. 44, 51 (1987)). "Further, it is the defendant who retains the ultimate authority to decide whether or not to testify." Id. (citation omitted). "To waive the right, all the defendant needs to know is that a right to testify exists." Id. However, the court is not required to advise the defendant of his right to testify or obtain an on-the-record waiver of that right. Id. Rather, the primary responsibility is on counsel to inform the defendant of this right and discuss the advantages and disadvantages of testifying or not. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Setting aside briefly the issue of petitioner's competency to waive the right, petitioner does not deny that he knew of the right and that there was some discussion between lead trial counsel and co-counsel in petitioner's presence about whether petitioner should testify. (See 6/14/07 Resp. at 6, 8; Ross Aff. at 3, 4; Craven Aff. at 2.) This is corroborated by counsel's statements during the trial. (See Tr. at 111-12.) In addition, even if counsel's performance was unreasonable in this aspect, petitioner was not prejudiced thereby. Had petitioner testified, his multiple convictions would have been brought to the jury's attention, and nothing corroborated his version of events– both factors would likely have significantly affected petitioner's credibility in the eyes of the jury. Thus, if petitioner had testified in his own defense, it is highly unlikely a different result would have occurred, particularly given "the overwhelming evidence that he constructively possessed the weapons," United States v. Mills, No. 04-4386, at 2 (4th Cir. May 4, 2005).

Next, petitioner contends counsel should have obtained a competency evaluation of petitioner and brought the issue of his competency to the court's attention at the time of sentencing. "Counsel's duty on the issue of a defendant's mental competency is to make a

5

reasonable investigation." Washington v. Murray, 952 F.2d 1472, 1482 (4th Cir. 1991) (citation omitted). Counsel testifies that in the course of investigating the case, he received and reviewed petitioner's medical records and spoke with petitioner about his case. (Ross Aff. at 1-2.) Counsel was aware petitioner attempted suicide while at FMC-Butner and discussed the matter with petitioner's doctors and petitioner himself. (Id. at 2.) At no time did counsel believe petitioner was not competent to proceed. (Id. at 2-3.) During the trial, nothing "led [counsel] to believe that he [petitioner] was incompetent to make decisions." (Id. at 3; see also Craven Aff. at 1, 2.) Under the circumstances, the court concludes counsel reasonably investigated the issue of petitioner's competency and it was not unreasonable for him to not seek a psychiatric evaluation of petitioner. At sentencing the court was aware of petitioner's mental health issues. Not only did the Presentence Report contain information about petitioner's mental health, including petitioner's prior suicidal ideation, (see PSR ¶¶ 50-53), but also counsel affirmatively raised petitioner's mental condition as a basis for a motion for downward departure, which the court allowed. Nothing in the record indicates petitioner was not competent during any of the proceedings, including during trial when he waived his right to testify on his own behalf and in conjunction with sentencing.

  Lastly, the court addresses petitioner's claim that appellate counsel was ineffective. He asserts appellate counsel should have raised additional issues on appeal. Apparently petitioner desired for counsel to raise the issues he asserted in his pro se petition for rehearing. (See 11/28/05 Mem. at 14 & Ex. D.) Even if counsel should have raised these issues on appeal, petitioner was not prejudiced by counsel's failure to do so. Petitioner raised each issue in the § 2255 petition, and the court has rejected each issue in the instant order or in its 11 December

2006 order. None of petitioner's arguments would have warranted him relief on appeal.

Petitioner also faults appellate counsel's failure to notify petitioner of the Fourth Circuit's decision on his direct appeal and provide him with a copy of the opinion until after the time for filing a petition for rehearing had expired. The granting of a rehearing is purely discretionary. See Fourth Circuit Local Rule 40(a). As such, there is no constitutional right to counsel in seeking a rehearing, see Wainwright v. Torna, 455 U.S. 586, 587 (1982) (holding that defendant in state criminal case did not have a constitutional right to counsel in pursuing discretionary review in the state supreme court); Ross v. Moffitt, 417 U.S. 600 (1974) (holding that there is no constitutional right to counsel in pursuing a writ of certiorari in the Supreme Court), and petitioner's constitutional rights cannot be violated by the allegedly defective performance of appellate counsel in this regard.

The government's motion for summary judgment is ALLOWED, and the petition is DISMISSED.

This 13 December 2007.

                                             W. Earl Britt
                                             Senior U.S. District Judge

taw/us/acp

7

Case 5:03-cr-00249-BR   Document 73   Filed 12/14/07   Page 7 of 7