UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Nos. 5:03-CR-249-1-BR
5:12-CV-422-BR

| | | |
|---|---|---|
| THOMAS ANDREW MILLS | ) | |
| | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

    This matter is before the court for initial review of a 28 U.S.C. § 2255 motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings.

    In December 2003, a jury found petitioner guilty of one count of being a felon in possession of a firearm. In May 2004, the court sentenced petitioner to 180 months imprisonment. Petitioner appealed, and the Fourth Circuit Court of Appeals affirmed and subsequently denied petitioner's petition for rehearing. (DE ## 37, 40.) In October 2005, the Supreme Court denied a petition for writ of certiorari.

    In November 2005, petitioner filed *pro se* a § 2255 motion, raising claims of ineffective assistance of counsel, among others. (DE # 44.) After directing the government to respond to the motion, the court granted in part and denied in part the government's motion to dismiss. (DE # 57, at 4.) The court allowed petitioner's claims of ineffective assistance of counsel and incompetency to proceed. (Id. at 2, 4.) Thereafter, in December 2007, the court granted the government's motion for summary judgment and dismissed the § 2255 motion. (DE # 73, at 7.)

    On 11 July 2012, petitioner, with the assistance of counsel, filed the instant § 2255 motion. Petitioner's sole claim is that he is actually innocent of being a felon in possession of a firearm because, pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc),

he has not previously been convicted of any crimes punishable by a term of imprisonment of more than one year, and he seeks vacation of his conviction in this court. (Mem., DE # 80-2.)

The court finds that petitioner must obtain certification from the Fourth Circuit Court of Appeals before filing the instant § 2255 motion. As set forth in 28 U.S.C. § 2255(h),

> [a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

If pre-filing authorization is not obtained when required by this provision, the district court lacks jurisdiction to consider the § 2255 motion. See United States v. Winestock, 340 F.3d 200, 205-06 (4th Cir. 2003) (recognizing that the district court lacks jurisdiction in the absence of pre-filing authorization to consider entire habeas corpus application which contains any abusive or repetitive claims). "While 'it is settled law that not every numerically second [§ 2255 petition] is 'second or successive' within the meaning of the [Antiterrorism and Effective Death Penalty Act of 1996],' second petitions challenging the same conviction and sentence based on a subsequent change in substantive law are deemed to be successive and require authorization from the court of appeals in order to be filed." Bryant v. United States, No. 2:03-CR-1-BO, 2012 WL 2236984, at *1 (E.D.N.C. June 15, 2012) (citations omitted, alterations in original). Because petitioner has previously challenged his conviction and sentence via § 2255; the court dismissed that initial challenge on the merits; and petitioner now challenges via § 2255 that same conviction based on a change in the substantive law, that is, Simmons, he must seek authorization to file this second §

2

2255 motion.  See id. at *1-2 (dismissing second § 2255 motion which raised a Simmons claim where petitioner had filed earlier a § 2255 motion claiming prosecutorial misconduct and ineffective assistance of counsel).

The § 2255 motion is DISMISSED WITHOUT PREJUDICE.  The court finds that petitioner has made a substantial showing of the denial of a constitutional right and hereby ISSUES petitioner a certificate of appealability as to the issue of whether the § 2255 motion qualifies as a second or successive motion for purposes of 28 U.S.C. § 2255(h).  See id. at *2 (granting a certificate of appealability "as to a review of the preliminary procedural question of the finding that the petition is second or successive").

This 20 August 2012.

                                                W. Earl Britt
                                                Senior U.S. District Judge