UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Nos. 5:03-CR-249-1-BR
5:12-CV-422-BR

THOMAS ANDREW MILLS            )
                               )
                               )
           v.                  )           O R D E R
                               )
UNITED STATES OF AMERICA       )

This matter is before the court on petitioner's 28 U.S.C. § 2241 motion. (DE # 84.) The government has filed a response "in support of" the petition. (DE # 86.)

On 16 May 2001, petitioner was convicted of numerous charges of breaking and entering in North Carolina state court.[1] (See DE # 80-1.) For each conviction, which is a Class H felony, petitioner was determined to have a prior record level of II and was sentenced in the mitigated range to 5-6 months imprisonment, suspended. (Id.) For a Class H felony, with a prior record level of II, the maximum sentence of imprisonment petitioner could have received was eight months. See N.C. Gen. Stat. § 15A-1340.17(c), (d) (1997).

In 2003, he was indicted in this court on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). After a jury found petitioner guilty of that offense, the court sentenced petitioner to 180 months imprisonment. (DE # 82, at 1.) Petitioner's case proceeded through the appellate process, concluding in 2005 with the Supreme Court's denial of his petition for writ of certiorari. (Id.) Petitioner then filed *pro se* a habeas corpus motion pursuant 28 U.S.C. § 2255, which the court ultimately dismissed on the merits in 2007. (Id.) In

---

[1]Petitioner had been convicted of other offenses prior to his indictment in this court. However, it has not been suggested that any of these other offenses would qualify as a "felony," i.e., a "crime punishable by imprisonment for a term exceeding one year," pursuant to 18 U.S.C. § 921(20)(B).

July 2012, with the assistance of counsel, he filed a second § 2255 motion, challenging his conviction and sentence based on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). (Id. at 1-2.) On 22 August 2012, the court dismissed the motion without prejudice for petitioner to obtain authorization from the Fourth Circuit Court of Appeals to file a second § 2255 motion, and the court issued a certificate of appealability. (Id. at 2-3.) Petitioner then filed the instant § 2241 motion.

Petitioner seeks the same relief as he sought in his second § 2255 motion. He claims that he is not a felon under 18 U.S.C. § 922(g)(1) in light of Simmons and requests that his conviction and sentence be vacated. (Mem., DE # 84-2, at 2-4.)

In its response, the government states in relevant part that it "has reviewed the certificates of conviction for the [petitioner's] breaking and entering convictions and believes that the [petitioner's] contention is correct. The government does not oppose the granting of the relief sought." (Resp., DE # 86, at 3.) The court agrees that relief is warranted.

The court notes that while generally a § 2241 petition should be filed in the district in which petitioner is confined, such a requirement does not implicate the court's subject matter jurisdiction to decide the merits of the § 2241 petition, and, as such, it may be waived by the government. See Kanai v. McHugh, 638 F.3d 251, 255, 258 (4th Cir.) (recognizing that a petitioner who is physically detained should file any § 2241 petition in the district of confinement, but holding that this requirement does not address the court's subject matter jurisdiction and thus may be waived), cert. denied, 132 S. Ct. 381 (2011). Here, the government explicitly "waives any objection to venue in this case so as to facilitate the Court's ability to

2

grant relief."[2]  (Resp., DE # 86, at 2.)

Accordingly, the § 2241 petition is GRANTED.  The judgment entered 24 May 2004 is hereby VACATED.  Petitioner is ORDERED to be released from federal custody, subject to pending detainers, if any.

This 4 October 2012.

                                                    W. Earl Britt
                                                    Senior U.S. District Judge

---

[2] The court also notes that a habeas corpus petitioner must normally rely on 28 U.S.C. § 2255 to challenge his conviction and sentence and that resort to § 2241 is proper when § 2255 is inadequate or ineffective to test the legality of his detention.  See In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc).  Section 2255 is inadequate or ineffective when three conditions are met:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000).  There is no doubt that the first two conditions are met here.  Because the government is not opposing the relief sought, the court assumes without deciding that the third condition is also met.