UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:03-CR-249-BR

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | <u>ORDER</u> |
| | ) | |
| THOMAS ANDREW MILLS | ) | |

This matter is before the court on defendant's motion for a certificate of actual innocence. (DE # 89.) In response, the government filed a motion to dismiss.[1] (DE # 94.) Defendant filed a response in opposition to the government's motion, and the government filed a reply. (DE ## 96, 97.)

I. BACKGROUND

Prior to 2003, defendant had been convicted in North Carolina state court of seven breaking and entering offenses and one larceny offense. (<u>See</u> Mem., Exs. 1-5, DE ## 95-2 to 95-6.) The maximum sentence of imprisonment defendant could have received for each conviction was eight months. (Order, DE # 87, at 1.) Nonetheless, North Carolina classifies each offense as a "felony." <u>See</u> N.C. Gen. Stat. §§ 14-1, 14-54(a), 14-72(b)(2). And, prior to 2011, defendant's convictions for these offenses were indeed crimes punishable by a term of imprisonment exceeding one year for purposes of the federal offense of felon in possession of a firearm, 18 U.S.C. § 922(g). <u>See</u> <u>United States v. Harp</u>, 406 F.3d 242, 246 (4th Cir. 2005) ("[T]o determine whether a conviction is for a crime punishable by a prison term exceeding one year . . . we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." (emphasis omitted) (citing <u>United States v. Jones</u>, 195 F.3d 205, 206-08 (4th Cir. 1999))).

---

[1] The court construes the government's motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), to be a response in opposition to defendant's motion for a certificate of actual innocence.

On 22 January 2003, defendant appeared before Randolph Beck at Plaza West Jewelry and Loan, Inc., a pawn shop in Raleigh, North Carolina which Beck operates. (Trial Tr. at 52, 78-79.) Beck knew defendant from his prior transactions with the pawn shop. (Id. at 55-56.) Two firearms were lying on the store counter when Beck walked over and began negotiating their sale with defendant. (Id. at 78.) Defendant stood within approximately one foot of the counter during the transaction. (Id. at 84.) During the transaction, Beck dealt with only defendant. (Id. at 64.) Beck negotiated the sale with defendant, paid defendant $265 cash for the two firearms, recorded defendant's information, took a picture of defendant for record purposes, and watched defendant sign the original copy of the pawn ticket (which included defendant's name, date of birth, eye color, hair color, height, weight, driver's license number, and the serial numbers of the firearms). (Id. at 64-69, 90.)

Subsequent to the transaction, the Franklin County Sheriff's Department contacted the Raleigh Police Department about recovering some firearms from the Plaza West Jewelry and Loan shop which were listed in "NCIC" (a law enforcement clearinghouse of data) as stolen from a residence on 21 January 2003 in Franklin County. (Id. at 93-94; Presentence Report ¶ 3.) Upon investigation, law enforcement determined that the stolen firearms were the ones defendant sold in January 2003. (Trial Tr. at 94-97.) Law enforcement verified defendant's criminal history which indicated he had previously been convicted of a felony and that his right to possess firearms had not been restored. (Id. at 95.)

During the investigation, the firearms were confiscated, and the pawn shop effectively lost $265 in the process. (Id. at 60.) Defendant contacted Beck and indicated he wanted to return the $265 and requested that Beck write a letter documenting the 22 January 2003

2

transaction. (Id. at 61-62.) Defendant ultimately refunded Beck the $265, and Beck gave defendant a letter dated 30 June 2003, which reads:

> Concerning your request for information regarding the two firearms that you sold for [sic] our store. This is to verify that I, R. David Beck, did purchase two weapons from you. However, I do not recall if you were the person that brought them in and laid them on the counter. I asked you if you wanted to sell the items, and when you responded that you did, I gave you a price and conducted the purchase. . . . At a time in the future, I was contacted by law enforcement and told that the weapons were stolen. They were confiscated at a later date and time by [the] Franklin County Sheriff's Department. The amount of funds that we paid to you for the firearms is $265. You came in and picked up this receipt and statement on June 30, 2003.

(Id. at 70-71.)

In August 2003, a grand jury indicted defendant for possession of the two firearms on or about 21 January 2003, after having been convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. §§ 922(g) and 924. Defendant was arrested on 25 August 2003, (DE # 7), at which time defendant had the 30 June 2003 letter on his person, (Trial Tr. at 100). In 2004, defendant pled not guilty, and the jury convicted him. This court sentenced defendant to 180 months imprisonment. After an unsuccessful appeal, defendant filed *pro se* a habeas corpus motion pursuant to 28 U.S.C. § 2255, which was dismissed on the merits in 2007. (DE ## 37, 73.)

In July 2012, defendant filed a second § 2255 motion, challenging his conviction in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), which overruled Harp to hold that a North Carolina offense is punishable by more than one year's imprisonment if the particular defendant could have received such a sentence considering his criminal history and the nature of his offense. The court dismissed defendant's motion without prejudice on 22 August

3

2012, for defendant to obtain authorization from the Fourth Circuit Court of Appeals to file a second § 2255 motion. (DE # 82.) Defendant then filed a habeas corpus motion pursuant to 28 U.S.C. § 2241, seeking the same relief he sought in his second § 2255 motion. (DE # 84.) The government did not oppose the § 2241 motion. On 4 October 2012, the court granted the § 2241 motion and vacated defendant's 2004 judgment, ordering defendant to be released from federal custody. (DE # 87.)

Since being released from federal custody, defendant filed the instant motion, attempting to gain necessary certification that is a prerequisite to filing an action in the United States Court of Federal Claims for wrongful incarceration.

## II. ANALYSIS

The United States Court of Federal Claims has jurisdiction over "any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495. As a prerequisite to recovery of damages, the person seeking relief must obtain a certificate of innocence from the appropriate district court pursuant to 28 U.S.C. § 2513. <u>United States v. Graham</u>, 608 F.3d 164, 166 (4th Cir. 2010). That statute provides in relevant part:

> (a) Any person suing under section 1495 of this title must allege and prove that:
> (1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted . . . as appears from the record or certificate of the court setting aside or reversing such conviction . . . and
> (2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.
> (b) Proof of the requisite facts shall be by a certificate of the court

4

> or pardon wherein such facts are alleged to appear, and other evidence thereof shall not be received.

28 U.S.C. § 2513.

Based on this language, defendant bears the burden of proving that: (1) the court setting aside or reversing the conviction "did so 'on the ground that he is not guilty of the offense of which he was convicted;' (2) he 'did not commit any of the acts charged' or those acts 'constituted no crime against the United States, or any State, Territory, or the District of Columbia;' and (3) 'he did not by misconduct or neglect cause or bring about his own prosecution.'" Graham, 608 F.3d at 171 (quoting 28 U.S.C. § 2513(a)). The decision of whether to issue a certificate of actual innocence is "committed to the sound discretion of the district court." Id. at 172 (quotation omitted). Case law interpreting § 2513 clearly states that it "provides a remedy for only exceptional cases." United States v. Graham, 595 F. Supp. 2d 681, 684 (S.D.W. Va. 2008), aff'd, 608 F.3d 164 (4th Cir. 2010); see also Eastridge v. United States, 602 F. Supp. 2d 66, 73 (D.D.C. 2009), aff'd, 604 F.3d 653 (D.C. Cir. 2010). Importantly, it does not serve as "an avenue for monetary compensation to all whose criminal convictions are reversed after incarceration." Graham, 608 F.3d at 171 (citations omitted).

The government concedes that defendant has satisfied the first requirement of § 2513(a). (Mem., DE # 95, at 4; Reply, DE # 97, at 2.)

Defendant can satisfy the second requirement by proving either that: (1) he "did not commit any of the acts charged," or (2) his acts did not constitute any offense under federal or state law. Osborn v. United States, 322 F.2d 835, 842 (5th Cir. 1963). While in hindsight defendant's acts do not constitute the federal offense of felon in possession of a firearm, the court agrees with the government that they did constitute an offense against the state of North

5

Carolina, see N.C. Gen. Stat. §§ 14-1, 14-54(a), 14-72(b)(2), 14-415(a), and defendant does not argue otherwise. Rather, he contends that because he is innocent of the federal offense of being a felon in possession of a firearm, he did not "'commit any of the acts charged,'" and thus satisfies the second requirement of § 2513(a). (Resp., DE # 96, at 4-5 (quoting 28 U.S.C. § 2513(a)(2).) To be sure, on 22 January 2003, defendant possessed both of the subject firearms, as charged. At that time, under applicable federal law, he had sustained convictions for crimes punishable by a term of imprisonment in excess of one year. Whether the subsequent change in that law now means he did not commit the acts charged in the indictment is not clear. In any event, the court need not reach this issue because it finds, as discussed below, that defendant has not met his burden of proving the third requirement of § 2513(a).

To obtain a certificate of actual innocence, a defendant must also prove that "he did not by misconduct or neglect cause or bring about his own prosecution." 28 U.S.C. § 2513(a)(2). Defendant argues that he satisfies this requirement because pursuant to United States v. Lyons, 726 F. Supp. 2d 1359 (M.D. Fla. 2010), there was no misconduct on his part. (Mot., DE # 89, at 4-5; Resp., DE # 96, at 6.) According to Lyons, disqualifying misconduct must be "outside of the charged conduct, such as 'an attempt to flee, a false confession, the removal of evidence, or an attempt to induce a witness or an expert to give false testimony or opinion, or an analogous attempt to suppress such testimony or opinion.'" 726 F. Supp. 2d at 1366 (citations omitted). Defendant's argument is directly at odds with the Fourth Circuit's interpretation of § 2513(a)(2). See Graham, 608 F.3d at 174-77. Importantly, the Fourth Circuit recognized that "no court has held that acts charged as crimes but ultimately found not to be criminal cannot constitute acts of

misconduct or neglect causing the petitioner's prosecution." Id. at 177.  Section 2513 does not in any way limit the type of causative 'misconduct or neglect' that will bar relief.  Id. at 175.

In this case, defendant came under investigation because the firearms at issue were reported as having been stolen.  Defendant appears to argue that he was not negligent in bringing about his prosecution, or there was no misconduct on his part, because "he was unaware they had been stolen."  (Mot., DE # 89, at 5.)  However, that self-serving, unsworn statement is unsubstantiated by the record.  Defendant provides absolutely no information about how he came into possession of the stolen firearms, and none is in the record.  As a result, defendant has failed to meet his rigorous burden of proof on the third requirement of § 2513(a).

## III. CONCLUSION

Because defendant has not proved all of the requirements necessary for issuance of a certificate under 28 U.S.C. § 2513, defendant's motion is DENIED, and the government's motion to dismiss is DENIED as moot.

This 24 July 2013.

W. Earl Britt
Senior U.S. District Judge

7

Case 5:03-cr-00249-BR   Document 98   Filed 07/24/13   Page 7 of 7